I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL ~~COUNSEL~~ PLF W/FRM (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 3-04-15

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
MAR - 4 2015
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESUS CASARES-ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>RANDY L. TEWS et al.,<br><br>Defendants. | No. ED CV 15-00093-JFW (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

On January 15, 2015, Plaintiff Jesus Casares-Alvarado, who is currently incarcerated at the Federal Correctional Institute Victorville Medium I ("FCI Victorville"), filed a pro se civil rights complaint. Dkt. 1 ("Complaint").[1]

---

[1] Because Plaintiff appears to allege violations of the U.S. Constitution by federal actors, the Court will liberally construe the Complaint as being brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 for a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Plaintiff names Warden Randy L. Tews, Dr. Ross Quinn, and Physician Assistant ("PA") Victoria Malingkas as Defendants. Plaintiff contends that Defendants violated his Eighth Amendment rights by their deliberate indifference to his serious medical needs while incarcerated at FCI Victorville. Complaint at 2-3.[2]

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs by failing to provide adequate care for his hernia problems. Plaintiff alleges that he had two "failed" hernia operations, on February 11, 2008 and in September 2010. Complaint at 2. Plaintiff alleges that he is in "constant pain" due to the two unsuccessful operations. Id. Approximately six months after the second hernia repair operation, Plaintiff was apparently released from prison and deported to Mexico. Id. Plaintiff alleges that he was released from prison while still healing from the second hernia operation, and that he was not given any medical instructions or care upon his release from prison. Id. Plaintiff eventually returned to custody at FCI Victorville, where he continues to suffer from the same hernia problems. Id. Plaintiff alleges that the medical staff at FCI Victorville is aware of his medical problems but fails "to provide any aid or assistance." Id.

///

---

[2] All citations to the Complaint are to the CM/ECF pagination.

## III.
## STANDARD OF REVIEW

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a

3

1. complaint must contain sufficient factual matter, accepted as true, to 'state a
2. claim to relief that is plausible on its face.' A claim has facial plausibility when
3. the plaintiff pleads factual content that allows the court to draw the reasonable
4. inference that the defendant is liable for the misconduct alleged." (internal
5. citation omitted)).
6.     If the Court finds that a complaint should be dismissed for failure to state
7. a claim, the Court has discretion to dismiss with or without leave to amend.
8. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to
9. amend should be granted if it appears possible that the defects in the complaint
10. could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also
11. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro
12. se litigant must be given leave to amend his or her complaint, and some notice
13. of its deficiencies, unless it is absolutely clear that the deficiencies of the
14. complaint could not be cured by amendment") (citing Noll v. Carlson, 809
15. F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is
16. clear that a complaint cannot be cured by amendment, the Court may dismiss
17. without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v.
18. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is
19. no need to prolong the litigation by permitting further amendment" where the
20. "basic flaw" in the pleading cannot be cured by amendment); Lipton v.
21. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that
22. "[b]ecause any amendment would be futile, there was no need to prolong the
23. litigation by permitting further amendment").
24. ///
25. ///
26. ///
27. ///
28. ///

# IV.

# DISCUSSION

A. <u>Supervisory Liability</u>

Plaintiff names Warden Tews as a Defendant. Plaintiff makes no allegations of any personal conduct by Warden Tews. As a general matter, supervisory personnel are not liable under <u>Bivens</u> on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. <u>See, e.g.</u>, <u>Redman v. Cnty. of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991). In <u>Iqbal</u>, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S. at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), <u>Iqbal</u> does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
>
> 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly

5

1  refus[ing] to terminate a series of acts by others, which [the
2  supervisor] knew or reasonably should have known would cause
3  others to inflict a constitutional injury.' 'A supervisor can be liable
4  in his individual capacity for his own culpable action or inaction in
5  the training, supervision, or control of his subordinates; for his
6  acquiescence in the constitutional deprivation; or for conduct that
7  showed a reckless or callous indifference to the rights of others.'
8  Id. at 1207-08 (internal citations omitted, alterations in original). In addition,
9  to premise a supervisor's alleged liability on a policy promulgated by the
10 supervisor, plaintiff must identify a specific policy and establish a "direct
11 causal link" between that policy and the alleged constitutional deprivation.
12 See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce,
13 954 F.2d 1470, 1474 (9th Cir. 1992).
14      Here, Plaintiff fails to set forth any specific allegations that Warden
15 Tews personally participated in the underlying alleged violations of Plaintiff's
16 constitutional rights. It appears that Warden Tews is named as a defendant
17 solely on the basis that Warden Tews was in charge of FCI Victorville at the
18 time of Plaintiff's alleged injuries. Nor does Plaintiff set forth any factual
19 allegations that Warden Tews either personally promulgated any policy that
20 had a direct causal connection with the constitutional injuries of which
21 Plaintiff complains or knowingly acquiesced to the other Defendants' alleged
22 conduct. Accordingly, all of the claims Plaintiff makes against Warden Tews
23 are subject to dismissal.
24 **B.    Eighth Amendment Deliberate Indifference**
25      The Eighth Amendment imposes duties on prison officials to provide
26 humane conditions of confinement by ensuring that inmates receive adequate
27 food, clothing, shelter, and medical care, and "tak[ing] reasonable measures to
28 guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (citing Hudson,

468 U.S. at 526-27).

To establish an Eighth Amendment claim that prison authorities provided inadequate medical care, a plaintiff must show that a defendant was deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

Furthermore, the defendant must purposefully ignore or fail to respond to a plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Gamble, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

malpractice does not become a constitutional violation merely because the victim is a prisoner." See Gamble, 429 U.S. at 106; see, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff vaguely alleges that Defendants were "aware" of his hernia problems but "fail[ed] to provide any aid or assistance." Complaint at 2. Broad and conclusory allegations such as these fail to demonstrate deliberate indifference to Plaintiff's serious medical condition. Plaintiff has failed to specifically allege any facts to demonstrate that either Dr. Quinn or PA Malingkas were subjectively aware that his hernia condition constituted a serious medical condition and yet purposefully failed to respond.

From the allegations of the Complaint, it appears that Plaintiff's two hernia repair surgeries were not entirely successful and that he is still experiencing some pain. Tellingly, the Complaint does not allege that Defendants' intention in allegedly ignoring Plaintiff's continuing hernia problems was the wanton and unnecessary infliction of pain. At most, Plaintiff has pleaded negligence or medical malpractice. However, "[m]ere indifference, negligence, or medical malpractice will not support" an Eighth Amendment deliberate indifference claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). In fact, Plaintiff characterizes the alleged failure to treat his hernia condition as a "clear pattern of medical malpractice." Complaint at 2.

Furthermore, it appears that prison officials did in fact respond to Plaintiff's hernia condition by scheduling two hernia repair operations in 2008 and 2010. The fact that these operations were ultimately unsuccessful does not demonstrate that Defendants acted with deliberate indifference. See Jones v.

8

Johnson, 781 F.2d 769, 771 (9th Cir.1986) (noting that "state prison authorities have wide discretion regarding the nature and extent of medical treatment") (citation omitted). Furthermore, the Ninth Circuit has repeatedly stated that if an inmate's allegation of deliberate indifference is based on prison officials' choices among alternative courses of medical treatment for a serious condition, when the inmate believes another course of treatment is warranted, then the inmate has not stated a claim for violation of the Eighth Amendment. See, e.g., Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In sum, the Complaint does not state a deliberate indifference claim against either Dr. Quinn or PA Malingkas.

## V.
## CONCLUSION

Because Plaintiff's supervisory claim against Warden Tews and his Eighth Amendment deliberate indifference claim against Dr. Quinn and PA Malingkas fail to state a claim on which relief may be granted, the Complaint is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

///
///

Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.

Dated: March 4, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge