UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESUS CASARES-ALVARADO,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RANDY L. TEWS et al.,<br><br>　　　　　　Defendants. | No. ED CV 15-93-JFW (GJS)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

On January 15, 2015, Plaintiff Jesus Casares-Alvarado, who is currently incarcerated at the Federal Correctional Institute Victorville Medium I ("FCI Victorville"), filed a *pro se* civil rights complaint. [Dkt. 1 ("Initial Complaint").] In the Initial Complaint, Casares-Alvarado sued Warden Randy L. Tews, Dr. Ross Quinn, and Physician Assistant Victoria Malingkas for Eighth Amendment violations based on their alleged deliberate indifference to his serious medical needs while incarcerated at FCI Victorville. [*Id.* at 2-3.] Upon screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed all claims in the Initial Complaint, concluding that Casares-Alvarado did not adequately allege (1) personal involvement of Warden Tews, and (2) facts

sufficient to demonstrate that Dr. Quinn's or Physician Assistant Malingkas's medical treatment constituted deliberate indifference. [Dkt. 7 at 9-10.]

On March 26, 2015, Casares-Alvarado filed an amended complaint containing a claim against Dr. Quinn[1] in his official capacity and, arguably, a claim against Physician Assistant Malingkas.[2] [Dkt. 8 ("First Amended Complaint" or "FAC").] In general, Casares-Alvarado alleges that Assistant Medical Director Quinn violated the Eighth Amendment by denying a request made by Physician Assistant Malingkas for further surgery on his hernia. [*Id.* at 6.] He also states that he is "unable to receive any pain medication that would help to relieve the pain to a substantial degree as to where [he] could live with [his] problem until [he] can receive proper medical care." [*Id.*] Casares-Alvarado asks for his "condition to be corrected (the 4 Ventral Hernias and the rectus diastus)," as well as $25,000. [*Id.* at 5.] That is, he seeks both prospective injunctive relief and monetary damages. [*Id.*]

---

[1] Plaintiff spells Quinn variously throughout the documents he has submitted: "Quin" in the case caption of the FAC, "Quinne" in the Amended Complaint's body, and "Quinn" in the Initial Complaint. Based on documents Plaintiff attached to his initial complaint, the Court understands Plaintiff to be suing the same Dr. Ross Quinn identified in his initial complaint. [*See, e.g.,* Initial Compl. at 1, 14, 21, 25.]

[2] Plaintiff includes Physician Assistant Malingkas in the caption of the Amended Complaint, but not as a listed defendant. [*See* FAC at 1, 2.] It is unclear whether Plaintiff intends to sue Physician Assistant Malingkas—who he alleges "made the request to Dr[.] Quinne [sic] that [he] be place[d] on the list for surgery." [*Id.* at 6.] Given that Physician Assistant Malingkas may have been seeking to facilitate the receipt of treatment Plaintiff claims he needs, it seems unlikely he intends to obtain relief from her. Nonetheless, reading the complaint liberally, the Court construes Plaintiff's inclusion of Physician Assistant Malingkas in the revised caption as an attempt to name her as a defendant.

2

As with Casares-Alvarado's first complaint, the Court is tasked with screening the FAC pursuant to sections 1915(e)(2) and 1915A. This Court applies the same standards and Eighth Amendment law that it applied to the Initial Complaint. [*See* Dkt. 7 at 3-8 (detailing standard of review and summarizing Eighth Amendment jurisprudence).]

### A. Casares-Alvarado Fails to State an Eighth Amendment Claim Against Dr. Quinn.

#### 1. Sovereign Immunity Bars Casares-Alvarado's Claim for Monetary Relief from Dr. Quinn to the Extent He is Sued in His Official Capacity.

Casares-Alvarado sued Dr. Quinn only in his official capacity, requesting both injunctive relief (*i.e.*, medical care to address his hernias) and monetary damages. [FAC at 3, 5.] It is well settled that "[a]n individual may not maintain a *Bivens* action for monetary damages against the United States." *Daly-Murphy v. Winston*, 837 F.2d 248, 256 (9th Cir. 1987) (*cited in Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007)). And it is equally well settled that "a *Bivens* suit against a defendant in his or her official capacity [is] merely … another way of pleading an action against the United States, which [is] barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173 (*quoting Nurse v. United States,* 226 F.3d 996, 1004 (9th Cir. 2000)) (modifications added). Accordingly, to the extent Casares-Alvarado seeks monetary damages from Dr. Quinn, that relief is barred.

#### 2. Casares-Alvarado Fails to Plead the "Deliberate Indifference" Necessary to Maintain a *Bivens* Action Against Dr. Quinn.

As for Casares-Alvarado's *Bivens* claim for injunctive relief, as this Court previously explained, he was require to allege that Dr. Quinn acted with

3

deliberate indifference to his serious medical needs, *i.e.*, that Dr. Quinn purposefully ignored or failed to respond to Casares-Alvarado's pain or medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997). For Casares-Alvarado's claim to be viable, Dr. Quinn had to have actually believed that a "substantial risk of serious harm exist[ed]." *Farmer*, 511 U.S. at 837; *see Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (requiring a "sufficiently culpable state of mind" (citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995))).

As with the Initial Complaint, the First Amended Complaint does not allege anything more than, at most, medical malpractice or negligence—neither of which is sufficient to plead a *Bivens* action. *See Gamble*, 429 U.S. at 106; *see, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050; *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that even gross negligence does not rise to the level of a constitutional violation). Casares-Alvarado alleges at most that, in 2008, he requested further treatment of his hernias and such a request was denied. [FAC at 3 ("I was informed by the doctor that he would not correct the surgery procedures[.]").] Although he further alleges that his pain was of such magnitude that pain medication would be insufficient, he does not explain whether Dr. Quinn was aware of that fact. [*Id.* at 6.] Nor does he demonstrate that Dr. Quinn was otherwise subjectively aware that his hernia condition constituted a serious medical condition and yet purposefully failed to respond. As with the Initial Complaint, Casares-Alvarado never alleges that Dr. Quinn intentionally ignored continuing hernia problems in order to inflict pain wantonly and

unnecessarily. Therefore, Casares-Alvaredo's claim against Dr. Quinn is dismissed.

### 3. Casares-Alvarado's Claims Against Dr. Quinn May Be Time-Barred.

The First Amended Complaint alleges that Dr. Quinn's actionable conduct against Casares-Alvarado occurred on February 11, 2008. [FAC at 2-3.] This statement appears incomplete in light of the Initial Complaint's allegation that he is in "constant pain due to two failed hernia operations, one in 2/11/2008 and a second operation which was performed in September 2010." [Initial Compl. at 2.] Furthermore, Casares-Alvarado does not explain in the FAC when he requested the further treatment he now alleges the Bureau of Prisons was required to provide. If the date of his injury were indeed February 11, 2008, his action here may be time barred.[3] But because Casares-Alvarado alleges that he has received insufficient *post-operative* care, the Court suspects that Casares-Alvarado requested and was denied treatment on a later

---

[3] Under federal law, "a *Bivens* claims accrues when the plaintiff knows or has reason to know of the injury." *Western Ctr. for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000). "Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States,* 281 F.3d 1004, 1009 (9th Cir. 2002). "Tolling provisions for *Bivens* claims are also borrowed from the forum state." *Id.* California's two-year personal injury statute of limitations applies to *Bivens* claims arising in California, *see* Cal. Civ. Proc. Code § 335.1; *Van Strum v. Lawn,* 940 F.2d 406, 410 (9th Cir.1991), and a tolling statute applicable to prisoners grants them an additional two years. *See* Cal. Civ. Proc. Code § 352.1(a). Of course, there may be an applicable tolling period that renders even a 2008 claim timely. *See, e.g.*, *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

date. Because the Court grants leave to amend, Casares-Alvarado may, if he so chooses, provide further detail about when he requested medical treatment.

## B. Casares-Alvarado Fails to State an Eighth Amendment Claim Against Physician Assistant Malingkas Because His Complaint Supports a Finding of No Deliberate Indifference.

Assuming that Casares-Alvarado even intended to bring a claim against Physician Assistant Malingkas, it is clear that the same deficiency to allege "deliberate indifference" continues to exist. In fact, the Amended Complaint not only fails to allege Physician Assistant Malingkas's alleged indifference, but actually demands the opposite conclusion—that she responded to Casares-Alvarado's request by recommending further medical treatment. [Amended Compl. at 6 (stating that Malingkas "made the request to Dr[.] Quinne [sic] that [Casares-Alvarado] be place[d] on the list for surgery").] This cannot possibly rise to an Eighth Amendment violation, *see Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (holding that complaint may be dismissed where it discloses a fact that necessarily defeats a claim), and accordingly, is to be dismissed.

## C. Conclusion

All of Plaintiff's claims are dismissed. Because it is not absolutely clear that Casares-Alvarado cannot cure these pleading deficiencies, dismissal will be with leave to amend.

THEREFORE, based on the foregoing, it is hereby ORDERED:

The Amended Complaint is hereby DISMISSED for failure to state a claim on which relief can be granted; and

Casares-Alvarado is GRANTED leave to file a second amended complaint by no later than July 10, 2015, remedying the deficiencies discussed

1 above, titled "Second Amended Complaint," and that is complete in and of
2 itself without reference to the prior complaints or any other already-filed
3 document; and
4     Plaintiff is instructed that his failure to timely file a second amended
5 complaint may result in dismissal with prejudice.

8 IT IS SO ORDERED.

10 Dated: May 11, 2015

                                          Honorable Gail J. Standish
                                          United States Magistrate Judge